David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*RAYMOND GORCEY*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RAYMOND GORCEY, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| ADVANCE GROUP, INC. D/B/A RAPID CASH, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, RAYMOND GORCEY, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone

without consent, thereby violating the TCPA.

2. This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq*. ("NRS 604A"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

3. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system, most particularly, to provide consumers with individual rights. Along these lines this matter also arises out of the Electronic Fund Transfers Act, 15 U.S.C. §1693 et seq. ("EFTA") against the Defendant as further described herein.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

5. Defendants have through their conduct in collecting a loan governed by NRS 604A violated NRS 604A.415.

6. Defendant ADVANCE GROUP, INC. D/B/A RAPID CASH is a "licensee" as that term is defined by NRS 604A.

7. NRS 604A.415 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

8. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

10. The Plaintiff, RAYMOND GORCEY ("Plaintiff" or "Mr. Gorcey"), is an adult individual residing in Washoe County, Nevada.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant ADVANCE GROUP, INC. D/B/A RAPID CASH ("Defendant" or "RAPID CASH"), is doing business in the State of Nevada.

13. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

14. RAPID CASH at all times acted by and through one or more of the

Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

15.    Plaintiff allegedly incurred a financial obligation (the "Debt") to RAPID CASH (the "Creditor").

16.    The Debt was a "high-interest loan" as defined by NRS 604A.0703.

17.    NRS 604A.415 provides that:

> If a customer defaults on a loan, the licensee may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

18.    As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.415.

### B. RAPID CASH Engages in Harassment and Abusive Tactics

## FACTS

19.    In or around January 2017, Plaintiff took out a loan for $100 from RAPID CASH.

20.    Due to financial hardship, Plaintiff was unable to pay off the loan in its entirety.

21. Plaintiff informed RAPID CASH that he had lost his job and asked for additional time to make the payments.

22. Plaintiff withdrew any authorization RAPID CASH had to withdraw funds electronically from his bank account.

23. Almost immediately following the conversation, RAPID CASH automatically withdrew money from Plaintiff's bank account.

24. This was an electronic funds transfer as defined by 15 U.S.C. §1693a(7).

25. The withdrawal attempt was an unauthorized electronic funds transfer as defined by 15 U.S.C. §1693a(12) and 12 C.F.R. 1005.2(m), thereby violating 15 U.S.C. §1693, et seq. as the Plaintiff did not authorize RAPID CASH's attempted funds transfers and withdrawals.

26. Plaintiff demanded RAPID CASH return the money they withdrew, but RAPID CASH said it was already done.

27. Plaintiff explained that he had nothing in his account, and Plaintiff told RAPID CASH he would pay in cash going forward.

28. Nonetheless, RAPID CASH continued to take amounts out of Plaintiff's account.

29. Specifically, RAPID CASH withdrew or tried to withdraw the following amounts on at least the following dates:

- $65.37 on March 1, 2017
- $65.37 on March 7, 2017
- $40.37 on March 21, 2017
- $105.74 on March 21, 2017
- $146.11 on April 4, 2017
- $146.11 on April 4, 2017
- $186.48 on April 15, 2017
- $267.20 on May 16, 2017
- $267.20 on June 3, 2017
- $267.20 on June 13, 2017
- $267.20 on June 30, 2017

30. Additionally, Plaintiff was charged $35 each time RAPID CASH tried to automatically withdraw money from Plaintiff's account since it had a negative balance.

31. Plaintiff was forced to change his debit card and his bank account, as RAPID CASH continued to automatically withdraw money from Plaintiff's account.

32. Further, RAPID CASH started calling Plaintiff up to nine (9) times a day.

33. RAPID CASH would call the Plaintiff as late as 11:00pm.

34. Specifically, RAPID CASH would call the Plaintiff with an automated message stating, "Hi, this is Heidi from RAPID CASH. Press 1 to be connected."

35. In or about February 2017, Plaintiff demanded that RAPID CASH cease calling him.

36. However, RAPID CASH refused to stop calling the Plaintiff.

37. RAPID CASH even went so far as to call Plaintiff's sister and Plaintiff's references in an effort to collect the Debt.

38. As a result of RAPID CASH's acts, Plaintiff brings this suit.

## C. **Plaintiff Suffered Actual Damages**

39. The Plaintiff has suffered and continues to suffer actual damages as a result of RAPID CASH's unlawful conduct.

40. Further, Plaintiff alleges that Defendants actions at all times herein were "willful."

41. As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection efforts.  Plaintiff has also lost the use of personal and family time while enduring these frustrations.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

42. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

43. The TCPA regulates, among other things, the use of automated telephone dialing systems.

44. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

>   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
>   (B) to dial such numbers.

45. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

46. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

47. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

48. On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id*. at ¶ 30.

49. Further, consumers (like the Plaintiff) may revoke consent through any reasonable means. *Id*. at ¶ 47.

50. Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id*. at ¶ 58.

51. Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id*. at ¶ 61.

---

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

52.     Consumers have a right to revoke consent, using any reasonable method including orally or in writing.  *Id*. at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS

53.     Within the two years prior to filing the instant complaint, the Plaintiff received numerous calls from the Defendant from at least the following phone numbers: (713) 496-3565 and 331-9473.

54.     Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

55.     Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "5430" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).  Specifically, there were slight pauses before each call connected.  Moreover, the calls were made using a pre-recorded voice.

56.     In or about February 2017, Plaintiff instructed Defendant or its agent(s) not to call the Plaintiff's cell phone ever again thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

57.     Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

58.     However, Defendant placed calls to the Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA.

59.     Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

60.     The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

61.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

62.     Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

63.     The Plaintiff suffered actual harm and loss, since the unwanted calls depleted the Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm.  While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from the Defendant's unwanted phone calls to the Plaintiff's cell phone.

64.     Plaintiff also suffered from an invasion of a legally protected interest by placing calls to the Plaintiff's personal phone line when the Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy.  The TCPA protects

consumers from this precise behavior.

65.   Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

66.   Plaintiff was also personally affected, since the Plaintiff felt that the Plaintiff's privacy had been invaded when the Defendant placed calls to the Plaintiff's phone line without any consent to do so.

67.   The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.415)

68.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69.   Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

70.   The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendant contacted a third party in an attempt to collect a debt from the Plaintiff.

71.   The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted a third party more than once without request or consent to do so in an attempt to collect a debt from the Plaintiff.

72. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at an unusual time or place or at a time or place known to be inconvenient for the consumer, before 8:00AM or after 9:00 PM.

73. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendant engaged in communication with parties other than the Plaintiff, Plaintiff's attorney, or a credit bureau in an attempt to collect a debt.

74. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly or engaged the Plaintiff in repeated conversations in connection with the collection of a debt.

75. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

76. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

77. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

78. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA (and therefore also constitute

violations of NRS 604A.415), including every one of the above-cited provisions.

79. The Plaintiff is entitled to damages as a result of Defendants' violations.

80. The Plaintiff has been required to retain the undersigned as counsel to protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

### COUNT II

### Negligent Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq*.)

81. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

82. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

83. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

84. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

85. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

86.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

87.     Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

88.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

89.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

90.     Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT IV

### Violations of the EFTA
### (15 U.S.C. § 1693 ET SEQ.)

91.     Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

92.   The foregoing acts and omissions constitute numerous and multiple violations of the EFTA.

93.   As a result of each and every negligent violation of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1693m(a)(1); statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1693m(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2. for statutory damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3. for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4. for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

6. "void" the Debt, bar Defendant from collecting thereon, and compel the Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

9. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

10. An award of actual damages pursuant to 15 U.S.C. §1693m(a)(1);

11. An award of statutory damages of not less than $100, and not more than $1,000.00, pursuant to 15 U.S.C. §1693m(a)(2)(A);

12. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1693m(a)(3);

///

///

///

13. any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 14, 2017

                                      Respectfully submitted,

                                      By  /s/ David H. Krieger, Esq.

                                      David H. Krieger, Esq.
                                      Nevada Bar No. 9086
                                      HAINES & KRIEGER, LLC
                                      8985 S. Eastern Avenue, Suite 350
                                      Henderson, Nevada 89123
                                      Phone: (702) 880-5554
                                      FAX: (702) 385-5518
                                      Email: dkrieger@hainesandkrieger.com

                                      Attorney for Plaintiff
                                      *RAYMOND GORCEY*